**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Brian Matthew Winstanley, | ) | No. CV-06-281-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Royal Consumer Information Products, Inc., et al., | ) | |
| Defendants. | ) | |

Defendant Royal Consumer Information Products ("RCIP") seeks to preclude discovery of correspondence between itself and the Consumer Products Safety Commission ("CPSC") concerning the paper shredder at issues in this litigation, as well as documents and information related to accidents involving another model of paper shredder produced by RCIP.

## A.    A.R.S. § 12-687.

Defendant first argues that discovery of its communications with the CPSC is barred by ARS § 12-687.  The statute, however, concerns the admissibility of evidence at trial, not discovery.  Furthermore, the statute specifies that "[t]he existence and contents of a product safety analysis or review and any resulting reasonable remedial measures *are discoverable and subject to disclosure in a products liability action* unless otherwise privileged." A.R.S. § 12-687(4) (emphasis added).   The statute clearly does not protect Defendant's correspondence with the CPSC from discovery.

1

**B.     Consumer Product Safety Act**

2      Defendant argues that the Consumer Product Safety Act ("CPSA") precludes the

3    discovery, citing 15 U.S.C § 2055(b)(5), 2055(e), 2074(b) and 16 C.F.R. § 1101.  The Court

4    concludes, however, that none of these statues applies in this case.

5      Section 2055(b)(5) is inapplicable because it pertains only to disclosure by the CPSC.

6    Plaintiffs are seeking discovery from Defendant, not the CPSC.  The statute also states that

7    "[t]he provisions of this paragraph shall not apply to the public disclosure of information . . .

8    in the course of or concerning a judicial proceeding," further evidence that the prohibitions

9    do not apply to discovery of materials held by a private party in a civil action.  *See Lawson*

10   *v. Fisher Price, Inc.*, 191 F.R.D. 381, 383 (D. Vt. 1999); *Roberts v. Carrier Corp.*, 107

11   F.R.D. 678, 682 (N.D. Ind. 1985); *Lamitie v Emerson Elec. Co.*, 535 N.Y.S.2d 650, 653

12   (N.Y. App. Div. 1988).

13     Defendant relies on § 2055(e), which governs disclosure of reports submitted to the

14   CPSC pursuant to § 2084.  But this section also applies to disclosures by the CPSC.

15   Moreover, because this is not a case where the CPSC is disclosing information, 16 C.F.R. §

16   1101 does not apply – it merely prescribes procedures for CPSC disclosures.

17     Section 2074(b) is inapplicable because that section again concerns admissibility of

18   evidence, not discovery, and applies only if the CPSC has failed to take action.  Here, the

19   CPSC has taken action by initiating and continuing correspondence with Defendant and by

20   suggesting a recall.  *See also Morales v. American Honda Motor Co., Inc.*, 151 F.3d 500, 513

21   (6th Cir. 1998) (Congress sought only to exclude instances where CPSC completely failed to

22   act, rather than those in which the CPSC ultimately decided against regulation).

23

**C.     Relevancy.**

24     Defendant claims that Plaintiffs should be precluded from discovering documents

25   related to another model of shredder involved in similar incidents on the basis of irrelevance.

26   The Court finds Defendant's argument that the shredders are manufactured by two different

27   companies to be without merit because the complaint in this case is based on a design defect,

28   not a manufacturing defect.  Defendant's other contention is that Plaintiffs must illustrate

some "threshold relevance" by showing reasonable similarity between the model involved in this case, the HT500X, and the model involved in other cases, the 7X.  Defendant cites *United Oil Co. v. Parts Associates, Inc.*, 227 F.R.D. 404 (D. Md. 2005), and *Piacenti v. General Motors Corp.*, 173 F.R.D. 221 (E.D. Ill. 1997), in support of its position.

In *United Oil*, the court recognized that the resisting party generally has the burden during discovery to show irrelevance, but qualified the rule by stating that a party seeking discovery must first show some "threshold relevance."  *United Oil*, 227 F.R.D. at 411-12.  In *Piacenti*, discovery was denied because the plaintiff gave conclusory statements as to similarity and the defendant presented detailed evidence to the contrary.  *Piacenti* 173 F.R.D. at 225-26.  Here, Plaintiffs assert that the size of the opening leading to the blades in both shredders differs only by .04 inches, the housing around the opening in both models is made of flexible plastic, each shredder has the same auto-start feature, and similar incidents involving children's fingers and moving blades have occurred with each shredder.  Even under a "threshold relevance" standard, Plaintiffs have met their burden.  Plaintiffs have detailed the common characteristics between the shredders, but Defendant has provided only a conclusory affidavit that states the shredders have "completely different designs" and that the distances between the openings and the cutting blades are "different."  Defendant has provided no technical specifications, and has done little else to illustrate to the Court why the shredders are not similar.  Plaintiffs are entitled to discovery of the documents related to the 7X.

**D.     Self-Critical Analysis Privilege.**

Arizona recognizes a common law self-critical analysis privilege, but has yet to extend it beyond cases involving hospitals.  *See Jolly v. Superior Court of Pinal County*, 540 P.2d 658, 662 (Ariz. 1975); *State ex rel Corbin v. Weaver*, 680 P.2d 833, 840 (Ariz. Ct. App. 1984).  This Court will not recognize an Arizona common law privilege without some indication that Arizona courts would adopt the privilege, and Defendant has provided no reason to conclude that Arizona courts will extend the privilege beyond the hospital context.

1    **IT IS ORDERED** that Defendant's objections to Plaintiff's discovery are **overruled**.

2    DATED this 27th day of June, 2006.

3

4

5    _____

6    David G. Campbell
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28