**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Matthew Winstanley,<br><br>  Plaintiff,<br><br>vs.<br><br>Royal Consumer Information Products, Inc., et al.,<br><br>  Defendants. | No. CV-06-281 PHX-DGC<br><br><br><br>**ORDER** |

Defendant Royal Consumer Information Products asks the Court to enter an order preserving the confidentiality of documents produced in this litigation for all purposes outside of this litigation. Dkt. #54. Plaintiff opposes the confidentiality order, arguing that he should not be limited in his use of the documents. Dkt. #56.

"[T]he fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). "For good cause to exist, the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). "'Broad allegations of harm unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)); *see also San Jose Mercury News*, *Inc.*, 187 F.3d at 1102 (holding that to gain a protective

1 order the party must make a "particularized showing of good cause with respect to any
2 individual document").

3 The Court has ordered Defendant to produce Consumer Products Safety Commission
4 ("CPSC") documents, including correspondence between Royal Consumer Information
5 Products ("RCIP") and the CPSC concerning evaluations and corrective actions regarding
6 the paper shredder at issue in this case. Dkt. #51. Defendant argues that the Court should
7 impose a protective order because there are courts "around the country where there is either
8 litigation pending or the possibility of future litigation of similar RCIP products [who] would
9 be inclined to grant a privileged status to the CPSC documents[.]" *Id*. Defendant argues that
10 an order is required to protect it against the "improper use of the documents in other
11 jurisdictions." *Id.*

12 Defendant has provided only broad allegations of harm unsubstantiated by specific
13 examples. The prospect of future litigation in unknown states, that may or may not recognize
14 the self-critical analysis privilege, is simply too speculative to satisfy the good cause showing
15 required under Rule 26(c). Defendants have asserted the confidentiality of the documents
16 broadly, do not address any document in particular, have failed to provide specific examples
17 of pending or anticipated litigation in states that recognize the privilege, and have failed
18 otherwise to make a particularized showing of good cause. The Court will deny Defendants'
19 request for a protective order.

20 **IT IS ORDERED** that Defendant Royal Consumer Information Product's Request
21 for the Preservation of the Confidentiality of Documents Produced Pursuant to the Court's
22 Order (Dkt. #54) is **denied.**

23 DATED this 30th day of August, 2006.

_____
David G. Campbell
United States District Judge